IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-083-MOC-DCK

| | |
|---|---|
| KIMBERLY CRAWFORD-KARIEM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> TIME WARNER CABLE BUSINESS LLC, ) <br> TIME WARNER CABLE ENTERPRISES ) <br> LLC, TIME WARNER CABLE ) <br> INFORMATION SERVICES (NORTH ) <br> CAROLINA), LLC, TIME WARNER ) <br> CABLE INTERNET LLC, TIME ) <br> WARNER CABLE MEDIA INC., TIME ) <br> WARNER CABLE SOUTHEAST LLC, ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM AND** <br> **RECOMMENDATION** <br> **AND ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Amend" (Document No. 15) and Defendants' "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and, applicable authority, the undersigned will <u>grant</u> the motion to amend and recommend that the motion to dismiss be <u>denied</u>.

## BACKGROUND

Plaintiff Kimberly Crawford-Kariem ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1-1) on or about January 13, 2014, in the Superior Court of Mecklenburg County, North Carolina. Defendants Time Warner Cable Business LLC, Time

Warner Cable Enterprises LLC, Time Warner Cable Information Services (North Carolina), LLC, Time Warner Cable Internet LLC, Time Warner Cable Media Inc., and Time Warner Cable Southeast LLC ("Defendants") filed their "Notice Of Removal" (Document No. 1) with this Court on February 21, 2014.

Defendants' "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10) was filed on March 21, 2014, pursuant to Fed.R.Civ.P. 12(b)(6). On April 8, 2014, the Court allowed Plaintiff up to and including April 17, 2014, to respond to Defendants' Rule 12(b) motion. (Document No. 13). Plaintiff's "Motion To Amend" (Document No. 15) and "…Response to Defendants' Motions To Dismiss Plaintiff's First, Second and Fourth Causes Of Action" (Document No. 16) were timely filed on April 17, 2014.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or

2

denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The undersigned notes that this matter is still in its initial stages. There has been no certification of initial attorney's conference filed, and no Court-sanctioned discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the pending motions, the undersigned finds that Plaintiff's motion to amend should be granted.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that Defendants' "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been

amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Amend" (Document No. 15) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **April 25, 2014**.[1]

**IT IS RECOMMENDED** that Defendants' "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10) be **DENIED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED AND RECOMMENDED.**

Signed: April 21, 2014

David C. Keesler
United States Magistrate Judge