# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-083-MOC-DCK

| | |
|---|---|
| KIMBERLY CRAWFORD-KARIEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| TIME WARNER CABLE BUSINESS LLC, ) | |
| TIME WARNER CABLE ENTERPRISES ) | |
| LLC, TIME WARNER CABLE MEDIA ) | |
| INC., TIME WARNER CABLE ) | |
| INFORMATION SERVICES (NORTH ) | |
| CAROLINA), LLC, TIME WARNER ) | |
| CABLE SOUTHEAST LLC, TIME ) | |
| WARNER CABLE INTERNET LLC, ) | |
| ADAM CRAIN and CALVIN LINDER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Corporate Defendants' Motion To Dismiss The First, Second, Fourth And Fifth Causes Of Action In Plaintiff's Amended Complaint" (Document No. 26). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Kimberly Crawford-Kariem ("Plaintiff") filed the original "Complaint" (Document No. 1-1) initiating this action in the Superior Court of Mecklenburg County, North Carolina, Case No. 14-CVS-680, on January 13, 2014. On February 21, 2014, Defendants Time Warner Cable Business, LLC, Time Warner Cable Enterprises LLC, Time Warner Cable Information Services

(North Carolina), LLC, Time Warner Cable Internet LLC, Time Warner Cable Media Inc., and Time Warner Cable Southeast LLC (the "Corporate Defendants") filed a "Notice Of Removal" (Document No. 1) with this Court. The Corporate Defendants contend in the "Notice Of Removal" that they are not proper parties to this action, but that they are willing to stipulate to a corrected caption naming TWC Administration LLC, the actual entity that employed Plaintiff. (Document No. 1, p.1, n.1); see also, (Document No. 27, p.1, n.2).

The Corporate Defendants filed a "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10) on March 21, 2014. However, on April 21, 2014, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 22) granting Plaintiff's "Motion To Amend" (Document No. 14), and recommending that the "Motion To Dismiss Plaintiff's First, Second and Fourth Causes Of Action" (Document No. 10) be denied.

Plaintiff's "Amended Complaint" (Document No. 24) was filed on April 24, 2014. The undersigned's "Memorandum And Recommendation And Order" (Document No. 22) was affirmed by the Honorable Max O. Cogburn, Jr. on April 30, 2014. (Document No. 25).

On May 12, 2014, the now pending "Corporate Defendants' Motion To Dismiss The First, Second, Fourth And Fifth Causes Of Action In Plaintiff's Amended Complaint" (Document No. 26) was filed with the Court. The Corporate Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6). "Plaintiff's Memorandum Of Law In Opposition…" (Document No. 28) was filed on May 30, 2014; and the "Reply In Support Of The Corporate Defendants' Motion To Dismiss…" (Document No. 29) was filed on June 9, 2014. As such, the pending motion is now ripe for review and a recommendation to Judge Cogburn.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court

"should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

By the instant motion, the Corporate Defendants seek dismissal of four out of five of Plaintiff's causes of action. (Document No. 26). The Corporate Defendants do not seek dismissal of Plaintiff's age discrimination claim. Id.

In addition, the Corporate Defendants note that the individual Defendants Adam Crain ("Crain") and Calvin Linder ("Linder") (together, "Individual Defendants") have not been served to date, and that the pending motion to dismiss is *only* on behalf of the six (6) Corporate Defendants. (Document Nos. 26 and 27, p.1, n.1). The Corporate Defendants also re-state their position that they are not proper parties to this lawsuit. (Document No. 27, p.1, n.1). To date, it does not appear that Plaintiff has addressed the Corporate Defendants' statements that they are not proper parties, or that Individual Defendants Crain and Linder have not received proper service. See (Document No. 28).

### A. Tortious Interference With Employment

First, the Corporate Defendants (or "Defendants") note that the elements of a claim for tortious interference include: (1) a valid contract between the plaintiff and a third party; (2) that the defendant knows of the contract; (3) that the defendant intentionally induces the third party's nonperformance of the contract; (4) without justification; and (5) actual damage to the plaintiff results. (Document No. 27, p.4) (citing Holleman v. Aiken, 193 N.C. App. 484, 500 (2008) and Embree Constr. Group, Inc. v. Rafcor, Inc., 330 N.C. 487, 498 (1992)); see also, Boggess v. Roper, 3:04cv092-RJC, 2006 WL 2569206, at *4 (W.D.N.C. Sept. 1, 2006).

Defendants then argue that to have a tortious interference with contractual rights, a defendant has to induce a *third party* not to perform its contract with a plaintiff; as such there can be no viable claim for tortious interference with a contract against a party to that contract. (Document No. 27, pp.4-5) (citing Wagoner v. Elkin City Sch. Bd. of Educ., 113 N.C. App. 579, 587, disc. review denied, 336 N.C. 615 (1994); Coremin v. Sherrill Furniture Co., 2005 WL 1330966, at *4 (N.C. App. June 7, 2005); Michaux v. Rexnord Corp., 1:01cv015-LHT-MOC, 2001 WL 1019852, at *1 (W.D.N.C. Apr 9, 2001); Ennett v. Cumberland Cnty. Bd. of Educ., 698 F. Supp. 2d 557, 561 (E.D.N.C. 2010)). The Corporate Defendants conclude that they would have been parties to any at-will employment "contract" with Plaintiff, and therefore, could not have interfered with their own contract. (Document No. 27, p.5).

In response, Plaintiff asserts that she "has properly alleged Defendants' inducement of a third party not to perform a contract as necessary to support a tortious interference with contract rights claim." (Document No. 28, p.1). More specifically, Plaintiff asserts that "Adam Crain and Calvin Linder, were not parties to the employment contract between Plaintiff and the Corporate Defendants, and it is *the acts of these* Defendants that caused Plaintiff to lose her employment with the Corporate Defendants." (Document No. 28, p.2) (emphasis added). Plaintiff's response fails to discuss the elements of her claim, or to offer any legal authority to support her claim against any Defendant. (Document No. 28, pp.1-3). Plaintiff also declines to rebut the Corporate Defendants' argument that the Corporate Defendants cannot be liable for tortious interference under the circumstances of this case, as set forth in Plaintiff's "Amended Complaint." Id.

In short, it does not appear that Plaintiff has adequately stated a claim; nor does she appear to now argue that she has stated a claim upon which relief may be granted for tortious

5

interference *as to the Corporate Defendants*. Moreover, as noted above, the Corporate Defendants have expressly stated that the instant motion to dismiss "is made *only* on behalf of the six Corporate Defendants." (Document Nos. 26 and 27, p.1, n.1) (emphasis added). Based on the foregoing, the undersigned recommends that the tortious interference claim be dismissed as to the Corporate Defendants.

## B. Misrepresentation

Next, Defendants assert that Plaintiff's misrepresentation claim fails as a matter of law. (Document No. 27, pp.5-9). Defendants note that Plaintiff titles her second cause of action simply as "Misrepresentation," but they contend that "the only independent claim for misrepresentation recognized by North Carolina law is one grounded in negligence." (Document No. 27, p.5). To state a claim, Defendants contend that "Plaintiff must allege that Defendants owed her a duty of care, which was breached and that she justifiably relied on the alleged misrepresentations made by Defendants, resulting in injury." (Document No. 27, pp.5-6) (citing Jordan v. Earthgrains Cos. Inc., 155 N.C. App. 762, 766, (2003)). Defendants further contend that to establish a duty owed and breached, Plaintiff must allege facts showing: "(1) Defendants acted in the course of their business to supply information for guidance of Plaintiff in her business transactions; (2) Defendants failed to exercise care and competence in obtaining and communicating information that Plaintiff justifiably expected; (3) Plaintiff was an individual to whom Defendants provided information for the purpose of guidance; and (4) Plaintiff suffered harm because of justifiable reliance on Defendants' information under circumstances in which Defendants intended Plaintiff to rely." (Document No. 27, p.6) (citing Simms v. Prudential Life Ins. Co. of Am., 140 N.C. App. 529, 533-34, (2000) and Martinez v. Reynders, No. 12 CVS 1742, 2013 WL 3778152, at * 6 (N.C. Super. Ct. Jul 10, 2013)).

Defendants note that the single allegation of misrepresentation cited by Plaintiff is that the anonymous evaluation she was requested to make of Defendant Crain would remain anonymous. (Document No. 27, p.6); see also, (Document No. 24, pp.1-2, 5). Defendants contend that Plaintiff fails to establish the elements of a claim for misrepresentation. (Document No. 27, pp.6-7). Moreover, Defendants argue that there is no allegation of a misrepresented fact, and that Plaintiff does not actually allege that Defendants disclosed her identity or breached her anonymity. (Document No. 27, p.7).

Plaintiff's terse response regarding the misrepresentation claim focuses on the fact that the Amended Complaint does not "reference a claim for 'negligent misrepresentation,'" and that "the word negligent or negligence is not mentioned anywhere in Plaintiff's Amended Complaint."[1] (Document No. 28, p.3). Plaintiff notes that North Carolina does recognize fraudulent misrepresentation as a cause of action, and concludes that she has "properly plead the elements of misrepresentation." Id. (citing N.C.G.S. §§ 108A-53, 110-107, and 108-39)). Plaintiff does not cite any other legal authority or case law supporting her contention that her misrepresentation claim should survive.

In reply, Defendants effectively point out that the statutes relied upon by Plaintiff are criminal statutes related to defrauding a state agency and are inapplicable in the civil context:

- *N.C.G.S. § 108A-53*, Social Services, Programs of Public Assistance, Food and Nutrition Services, Fraudulent Misrepresentation. Persons making false statements in an attempt to defraud any electronic food or nutrition benefit shall be guilty under this section of a criminal misdemeanor or felony, depending on the amount received. (*Id.*);

- *N.C.G.S. § 110-107*, Child Welfare, Childcare Facilities, Fraudulent Misrepresentation. Persons making false statements in

---

[1] The undersigned observes that while Plaintiff's "Misrepresentation" claim does indeed lack the words negligent and negligence, it also lacks the words fraud and fraudulent. Plaintiff alleges a separate claim for "Fraud" in Count V. See (Document No. 24, pp.5, 7-8).

7

>    an attempt to obtain or continue receiving childcare subsidies shall be guilty under this section of a criminal misdemeanor or felony, depending on the amount received. (*Id*.); and
>
> - *N.C.G.S. § 108-39*, Social Services, Programs of Public Assistance, Work First Program, Fraudulent Misrepresentation. Persons making false statements in an attempt to obtain or continue receiving public assistance shall be guilty under this section of a criminal misdemeanor or felony, depending on the amount received. (*Id*.).

(Document No. 29, p.3).

Defendant's "Reply…" goes on to assert that "North Carolina courts use the terms fraud and fraudulent misrepresentation interchangeably in reference to a cause of action for fraud," and that "North Carolina courts tend to consider claims for fraud and fraudulent misrepresentation one in the same . . . and have combined the two claims as one." (Document No. 29, pp.3-4) (citing International Designer Transitions, Inc. v. Faus Group, Inc., 663 F. Supp. 2d 432, 442 (M.D.N.C. 2009); Leake v. Sunbelt Ltd. of Raleigh, 93 N.C. App. 199, 205 (1989); Perry v. Carolina Builders Corp., 128 N.C. App. 143, 150 (1997); Claggett v. Wake Forest Univ., 126 N.C. App. 602, 609-10 (1997); and Jacobson v. Walsh, No. 10 CVS 9619, 2014 WL 266354, at *5 (N.C. Super. Jan. 22, 2014)). According to Defendants, fraud and fraudulent misrepresentation both require *intentional* acts and/or deception that are not alleged here. Id. Rather, Defendants insist that Plaintiff's claim for misrepresentation only alleges a series of negligent acts. (Document No. 29, pp.4-5).

After careful consideration of the briefs and applicable authority, the undersigned agrees that Plaintiff's claim for "Misrepresentation" is deficient and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**C. Defamation Of Business Character**

Defendants also seek dismissal of Plaintiff's claim for "Defamation Of Business Character." (Document No. 27, pp.9-10). The movants again include the elements required for Plaintiff's claim: (1) that the defendant made false, defamatory statements; (2) of or concerning the plaintiff; (3) which were published to a third person; and (4) which caused injury to the plaintiff's reputation. (Document No. 27, p.9) (citing Tyson v. L'eggs Products, Inc., 84 N.C. App. 1, 10-11 (1987)).

Defendants persuasively assert that Plaintiff's defamation claim must fail because she has not made allegations that satisfy the first element – that Defendants made any false statement. (Document No. 27, pp.9-10).

> It is apparent from the face of Plaintiff's Amended Complaint that **the alleged defamatory statements are true**. Plaintiff alleges that the Corporate Defendants undertook a corporate reorganization, **which is true**. (Pl. Am. Compl. ¶ 9). Plaintiff further alleges that Defendants told her subordinates that her position would be eliminated and she would be terminated in the reorganization, **which is also true**. (Pl. Am. Compl. ¶¶ 13, 60). Finally, Plaintiff alleges she was told her position was being eliminated as a result of the reorganization, **which is true**. (Pl. Am. Compl. ¶ 15). Plaintiff does not allege that Defendants made any statements regarding her abilities, work ethic or reason for termination, merely that her position would be eliminated and she would be terminated as a result of the reorganization – **all true statements**. (Pl. Am. Compl. ¶¶ 15, 60).

(Document No. 27, p.10) (emphasis added).

"Plaintiff's Memorandum In Opposition…" mostly ignores Defendant's arguments and authority, and instead re-asserts the allegations in the Amended Complaint. (Document No. 28, p.4). However, Plaintiff actually misstates the allegations to the extent she contends the Amended Complaint alleges "that the Corporate Defendant *told* the Plaintiff she would be allowed to remain employed with the Corporate Defendants after the reorganization." Id. (citing

9

Document No. 24, ¶¶ 29-30) (emphasis added).  In fact, ¶¶ 29-30 allege that Plaintiff "was implicitly assured" that she "would have continued employment" and/or "be given an opportunity to apply for another job," but make no reference to anyone explicitly telling Plaintiff anything.  (Document No. 24, p.4).

Plaintiff concludes that her allegations meet the standards for defamation, but declines to discuss those standards or cite any legal authority supporting her conclusion.  Id.  Moreover, Plaintiff fails to effectively rebut or address Defendants core argument that the communications in dispute were all true, and therefore, the first element of a defamation claim cannot be met.  Id.

The undersigned agrees that Plaintiff's allegations of "implicit assurances," made by unidentified Defendants, and/or alleged defamatory statements that were true, are inadequate to support a claim for defamation.  See (Document No. 29, p.5).

**D. Fraud**

Finally, Defendants contend that Plaintiff's fifth cause of action must be dismissed for failure to allege essential elements of the claim.  Defendants note that:

> In order to state a claim of fraud under North Carolina law, a plaintiff must allege facts showing:  (1) that defendants made a representation relating to some material past or existing fact;  (2) that the representation was false;  (3) that defendants knew that the representation was false;  (4) that defendants made the representation with intent to deceive plaintiff;  (5) that plaintiff reasonably relied upon the representation, and acted upon it;  and (6) that plaintiff suffered damages as a result of the representation. Cofield v. Griffin, 238 N.C. 377, 379, 78 S.E.2d 131, 133 (1953). Importantly, the plaintiff must plead each of these elements (save intent) with particularity.  See N.C. Gen. Stat. § 1A-1, Rule 9(b).
>
> In this case, Plaintiff has failed to allege facts sufficient to satisfy the second and fourth elements:  (1) that the Corporate Defendants' representations concerning Plaintiff's participation in a performance evaluation for Mr. Crain were false;  and (2) that the Corporate Defendants possessed the requisite intent to deceive Plaintiff when they made the representations.

10

(Document No. 27, p.11).

Defendants further assert that, as with Plaintiff's claims of misrepresentation and defamation, it is apparent that the statements Plaintiff alleges to be fraudulent are in fact true. Id. Defendants argue that "Plaintiff's supposition that 'the examples given by Plaintiff in said evaluation . . . made it easy to determine' that Plaintiff made the evaluation is insufficient to establish the requisite falsehood required to support a claim of fraud." (Document No. 27, p.12) (quoting Document No. 24 p.2). Moreover, Defendants assert that Plaintiff does not allege that Defendants: (1) disclosed her identity; (2) breached her anonymity; (3) linked the evaluation to her; or (4) represented they would not share Plaintiff's feedback with Crain. Id. In addition, Defendants assert that even if Plaintiff's allegations are accepted as true, they are based on negligence, not intentional conduct. Id.

Plaintiff's response contends that she "was informed by the Human Resources Department that the evaluation she was asked to complete on her co-worker, Defendant, Adam Crain, would remain anonymous; however, . . . it was obvious to all, including Defendant, Adam Crain, that the unfavorable evaluation was prepared by Plaintiff." (Document No. 28, p.4). Plaintiff further contends that the Corporate Defendants "had the requisite intent to deceive" because they "knew the valuation would be shared with Defendant, Adam Crain, but misrepresented this material fact to the Plaintiff." (Document No. 28, p.5).

Plaintiff again declines to discuss the elements of her claim, or to cite any legal authority which might support her position or aid the Court's analysis. Moreover, Plaintiff fails to even cite the "Amended Complaint" to identify where she purportedly alleged sufficient factual content to support the elements of her claim, including intent. (Document No. 28, pp.4-5). Without more from Plaintiff, the undersigned finds Defendants' argument that the allegations

suggest only negligent acts, not intentional ones, to be convincing.  See (Document No. 24 and Document No. 29, pp.4-6).

Based on the foregoing, the undersigned finds that dismissal of Plaintiff's fifth cause of action, as well as the first, second, and fourth causes of action, as to the Corporate Defendants is appropriate.  In short, the undersigned is not persuaded that Plaintiff has alleged adequate factual content to support these claims.  See Iqbal, 129 S.Ct. at 1949.  The undersigned expresses no opinion at this time as to the adequacy of the allegations in the Amended Complaint concerning age discrimination, or the adequacy of any claims against the Individual Defendants.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Corporate Defendants' Motion To Dismiss The First, Second, Fourth And Fifth Causes Of Action In Plaintiff's Amended Complaint" (Document No. 26) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 27, 2014

David C. Keesler
United States Magistrate Judge