# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-083-MOC-DCK

| | |
|---|---|
| KIMBERLY CRAWFORD-KARIEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| TIME WARNER CABLE BUSINESS LLC, ) | |
| TIME WARNER CABLE ENTERPRISES ) | |
| LLC, TIME WARNER CABLE MEDIA ) | |
| INC., TIME WARNER CABLE ) | |
| INFORMATION SERVICES (NORTH ) | |
| CAROLINA), LLC, TIME WARNER ) | |
| CABLE SOUTHEAST LLC, TIME ) | |
| WARNER CABLE INTERNET LLC, ) | |
| ADAM CRAIN and CALVIN LINDER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant Calvin Linder's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 34). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u> in part, and <u>denied</u> in part.

## I. BACKGROUND

Kimberly Crawford-Kariem ("Plaintiff") filed the original "Complaint" (Document No. 1-1) initiating this action in the Superior Court of Mecklenburg County, North Carolina, Case No. 14-CVS-680, on January 13, 2014. On February 21, 2014, Defendants Time Warner Cable Business, LLC, Time Warner Cable Enterprises LLC, Time Warner Cable Information Services

(North Carolina), LLC, Time Warner Cable Internet LLC, Time Warner Cable Media Inc., and Time Warner Cable Southeast LLC (the "Corporate Defendants") filed a "Notice Of Removal" (Document No. 1) with this Court. The Corporate Defendants contend in the "Notice Of Removal" that they are not proper parties to this action, but that they are willing to stipulate to a corrected caption naming TWC Administration LLC, the actual entity that employed Plaintiff. (Document No. 1, p.1, n.1); see also, (Document No. 27, p.1, n.2).

The Corporate Defendants filed a "Motion To Dismiss Plaintiff's First, Second And Fourth Causes Of Action" (Document No. 10) on March 21, 2014. However, on April 21, 2014, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 22) granting Plaintiff's "Motion To Amend" (Document No. 14), and recommending that the "Motion To Dismiss Plaintiff's First, Second and Fourth Causes Of Action" (Document No. 10) be denied. Plaintiff's "Amended Complaint" (Document No. 24) was filed on April 24, 2014. The undersigned's "Memorandum And Recommendation And Order" (Document No. 22) was affirmed by the Honorable Max O. Cogburn, Jr. on April 30, 2014. (Document No. 25).

On May 12, 2014, the "Corporate Defendants' Motion To Dismiss The First, Second, Fourth And Fifth Causes Of Action In Plaintiff's Amended Complaint" (Document No. 26) was filed with the Court. After the "Corporate Defendants' Motion To Dismiss …" was fully briefed, the undersigned issued a "Memorandum And Recommendation" (Document No. 31) recommending that the "Corporate Defendants' Motion To Dismiss …" be granted. No objections to the "Memorandum And Recommendation" (Document No. 31) were filed, and Judge Cogburn issued an "Order" (Document No. 32) affirming the "Memorandum And Recommendation" (Document No. 31) and granting the "Corporate Defendants' Motion To

Dismiss …" (Document No. 26) "for the reasons discussed by Judge Keesler." (Document No. 32).

Now pending is "Defendant Calvin Linder's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 34) and "Memorandum Of Law In Support…" (Document No. 35). Defendant Calvin Linder ("Defendant" or "Linder") seeks an Order completely dismissing this action against him, pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 34). Plaintiff's "Memorandum Of Law In Opposition…" (Document No. 38) was filed on September 12, 2014; and Defendant's "Reply In Support…" (Document No. 39) was filed on September 22, 2014. As such, the pending motion is now ripe for review, and a recommendation to Judge Cogburn.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

By the instant motion, Defendant Calvin Linder ("Defendant" or "Linder") seeks dismissal of all of Plaintiff's causes of action, and includes compelling arguments against each claim. (Document Nos. 34 and 35). However, Plaintiff's "Memorandum Of Law In Opposition…" only argues that the "Amended Complaint" sufficiently alleges a tortious interference claim against Linder. (Document No. 38, pp.2-4). Plaintiff does not argue, or even address, the remaining claims against Defendant Linder. Id. Under the circumstances, the undersigned is persuaded that Plaintiff has abandoned Counts II-V against Defendant Linder. As such, this Memorandum And Recommendation will focus solely on the tortious interference claim.

**Tortious Interference With Employment (Count I)**

First, Defendant notes that the "Amended Complaint" styles Count I as "Tortious Interference With Employment." (Document No. 35, p.4). Defendant asserts that he is unaware

of such a claim in North Carolina, and is construing the claim as one for tortious interference with contractual rights. Id. Defendant then explains that the elements of a claim for tortious interference with contract include: (1) a valid contract between the plaintiff and a third party; (2) that the defendant knows of the contract; (3) that the defendant intentionally induces the third party's nonperformance of the contract; (4) without justification; and (5) actual damage to the plaintiff results. (Document No. 35, p.4) (citing Holleman v. Aiken, 193 N.C. App. 484, 500 (2008) and Embree Constr. Group, Inc. v. Rafcor, Inc., 330 N.C. 487, 498 (1992)); see also, Boggess v. Roper, 3:04cv092-RJC, 2006 WL 2569206, at *4 (W.D.N.C. Sept. 1, 2006).

Defendant asserts that to have a tortious interference with contractual rights, a defendant has to induce a *third party* not to perform its contract with a plaintiff; and furthermore, that there can be no viable claim for tortious interference with a contract against a party to that contract. (Document No. 35, pp.4-5) (citing Wagoner v. Elkin City Sch. Bd. of Educ., 113 N.C. App. 579, 587, disc. review denied, 336 N.C. 615 (1994); Coremin v. Sherrill Furniture Co., 2005 WL 1330966, at *4 (N.C. App. June 7, 2005); and Michaux v. Rexnord Corp., 1:01cv015-LHT-MOC, 2001 WL 1019852, at *1 (W.D.N.C. Apr 9, 2001).

Defendant contends that "employees of the contracting organization cannot commit tortious interference unless 'they have in fact interfered with the contract and the interference has no relation whatever to that legitimate business interest which is the source of the defendant's non-outsider status.'" (Document No. 35, p.5) (quoting Ennett v. Cumberland Cnty. Bd. of Educ., 698 F. Supp. 2d 557, 561 (E.D.N.C. 2010)). Defendant notes that Plaintiff's own allegations show that part of Linder's job was to make critical recommendations regarding the reorganization of Plaintiff's department, and that Linder was part of a larger team. Id. (citing

5

Document No. 24, p.2, ¶ 9). The undersigned recognizes the following pertinent allegations in the "Amended Complaint":

> 9. On or about April 2013 said Defendant, Calvin Linder, became a member of the Senior Leadership team and accordingly became a member of the team to make recommendations regarding reorganization of the department in which Plaintiff was employed from August 2012-August 2013.
>
> . . .
>
> 14. As a member of the Senior Leadership team that made critical decisions regarding the reorganization, in direct retaliation for the evaluation which plaintiff provided regarding his personal, life-long friend, Defendant, Adam Crain, Defendant, Calvin Linder, used his personal influence to cause the elimination of the Plaintiff and her named position.

(Document No. 24, p.2).

Defendant concludes that there is "no question Linder had a 'legitimate supervisory interest' in the retention or elimination of positions, including Plaintiff's position, as part of the overall corporate reorganization" and that "Linder's involvement in the process that resulted in the elimination of Plaintiff's position was entirely appropriate and justified." (Document No. 35, p.6).

In response, Plaintiff asserts that the "sole interest of Defendant, Calvin Linder, in his role in the reorganization, was to unjustifiably eliminate Plaintiff's position to cause Plaintiff to lose her job." (Document No. 38, p.2) (citing Document No. 24, ¶ 26). Plaintiff further asserts that Linder's motivation "was to seek revenge and retaliation for Plaintiff's negative comments in a supposedly anonymous evaluation of his lifelong friend and co-worker, Adam Crain." (Document No. 38, p.3) (citing Document No. 24, ¶¶ 24-35).

Plaintiff, like Defendant, cites the holding in Ennett that tortious interference by employees of the contracting organization requires that the alleged interference has "no relation whatever 'to that legitimate business interest which is the source of defendant's non-outsider status.'" (Document No. 38, p.2) (quoting Ennett, 698 F.Supp. at 561).

In addition to alleging that Defendant Linder unjustifiably eliminated her job, Plaintiff further asserts that Linder tortuously interfered with Plaintiff's contract "by not posting any additional jobs after eliminating Plaintiff's Job." (Document No. 38, p.3) (citing Document no. 24, ¶¶ 27, 28). Plaintiff argues that Defendant Linder was "on a personal mission" to make sure she was terminated, and that there was no "legitimate supervisory interest." Id. Plaintiff concludes that "[a]t the very least, the determination as to whether the elimination of Plaintiff's position was in furtherance of the company policy is a question of fact to be decided by the jury." (Document No. 38, p.4).

Defendant's "Reply…" asserts that "North Carolina courts dismiss tortious interference claims where the complaint admits on its face that the non-outsider defendants had a proper motive for their actions." (Document No. 39, p.2) (citing Privette v. University of North Carolina at Chapel Hill, 96 N.C.App. 124, 134 (1989) (dismissing tortious interference claim where allegations in complaint showed that non-outsiders to contract had interest in insuring proper work procedures at defendant party to contract and had legitimate professional interest in plaintiff's performance). Defendant concludes that "he was justified in his participation in decisions that resulted in the elimination of certain positions and therefore did not tortuously interfere with any contract Plaintiff allegedly had with Corporate Defendants." Id.

The undersigned finds that the question of whether Plaintiff has sufficiently stated a claim for tortious interference with contract presents a close call. As noted above, the parties

7

agree on the applicability of the Ennet decision, and Defendant makes an effective argument that his involvement in the termination of Plaintiff's position was "entirely appropriate and justified" because he was part of a team tasked with making recommendations for the reorganization of the department in which Plaintiff was employed from August 2012 – August 2013. (Document Nos. 35 and 39). However, the parties fail to adequately discuss and cite relevant legal authority regarding the impact of the allegations that Defendant's alleged tortious interference was motivated by his "hostile sentiments toward the Plaintiff," and that he used his personal influence on the Senior Leadership team to eliminate Plaintiff's employment in direct retaliation against Plaintiff for an unfavorable evaluation of Defendant Linder's friend and colleague, Defendant Adam Crain. See (Document No. 24, pp.1-4).

Defendant's "Memorandum…" correctly cites Embree Constr. Group, Inc. v. Rafcor, Inc., regarding the elements of a tortious interference with contract claim; but Defendant declines to acknowledge that Embree also holds that a corporate insider has a qualified, not absolute, privilege to interfere with contractual relations, and that the presumption that the corporate insider is acting in the corporation's interest "is overcome when the means or the officer's motives are improper." Embree Constr. Group, Inc., 330 N.C. at 498.

The undersigned finds two decisions by this Court instructive here. In the first, a motion to dismiss a tortious interference with contract claim was allowed where the complaint was silent as to the personal motivations of the plaintiff:

> . . . reading the pleadings in a light most favorable to plaintiff, it is possible that plaintiff is attempting to allege tortious inference with contract by a corporate insider, a claim which North Carolina common law recognizes. The pleading requirements for tortious interference by an "insider" are applicable:
>
>> In the context of interference with contract by an insider, however, the element that the defendant

8

> acted without justification is potentially vitiated by the defendant's corporate position. Officers, directors, shareholders, and other corporate fiduciaries have a "qualified privilege to interfere with contractual relations between the corporation and a third party." "The acts of a corporate officer in inducing his company to sever contractual relations with a third party are presumed to have been done in the interest of the corporation."
>
> Embree Constr. Group, Inc. v. Rafcor, Inc., 330 N.C. 487, 498 (1992) (internal citations omitted). **To survive Rule 12(b)(6) in this context, however, plaintiff must allege facts that when taken as true could plausibly lead a finder of fact to conclude that the actions taken were for such defendant's personal rather than corporate interests**. Id., at 499. The Complaint is silent as to what personal motivations [Plaintiff] had or even might have had in allegedly interfering with the marketing agreement.

RDLG, LLC v. RPM Group, LLC, 1:10cv204-MR-DLH, 2010 WL 6594916, at *8-9 (W.D.N.C. Dec. 21, 2010) (emphasis added).

In another decision by this Court, a motion to dismiss a tortious interference with contract counterclaim was *denied* because in addition to sufficiently pleading other elements of the claim, the "counterclaim also alleges that in his actions, Plaintiff was acting for his own benefit rather than in the corporate interest. . . .http://web2.westlaw.com/find/default.wl?mt=Westlaw&db=711&tc=-1&rp=%2ffind%2fdefault.wl&findtype=Y&ordoc=2009228604&serialnum=1992022105&vr=2.0&fn=_top&sv=Split&tf=-1&pbc=7D0070D1&rs=WLW14.07  This is all that is required at this stage." Anderson v. Dobson, 1:06cv003-LHT, 2006 WL 1431667, at *9 (W.D.N.C. May 22, 2006) (citing Embree Constr. Group, Inc. v. Rafcor, Inc., 330 N.C. 487).

In light of the foregoing decisions by this Court, the parties' failure to adequately address this issue of Defendant's motivation, and accepting Plaintiff's factual allegations as true, the undersigned will recommend that Defendant's motion to dismiss be denied as to Count I for

tortious interference with contract, and granted as to the remaining Counts II – V.  In short, the undersigned finds that Plaintiff has sufficiently alleged that Defendant Linder was acting based on personal motivations, rather than in the corporate interest.  Of course, the undersigned expresses no opinion as to whether Plaintiff's claim would withstand a summary judgment motion after further development of the facts in this case.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Calvin Linder's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 34) be **GRANTED as to Counts II-V**, and **DENIED as to Count I**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 14, 2014

David C. Keesler
United States Magistrate Judge